## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **CHRISTINNA SWEARINGEN, Individually and For Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WEXFORD HEALTH SOURCES INC.,**<br><br>**Defendant.** | Case No. 3:22-cv-03242<br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL CIVIL CLASS ACTION COMPLAINT

#### NATURE OF THE CASE

1. Plaintiff Christinna Swearingen (Plaintiff) brings this lawsuit individually and on behalf of all current and former hourly employees (Illinois Class Members) who worked for Wexford Health Sources Inc. (WHS or Defendant) and who were not paid all earned wages and not paid for all earned overtime for time worked in excess of forty (40) hours in individual workweeks. Plaintiff brings this action to recover unpaid overtime wages under the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et. seq.*, and unpaid straight-time wages under the Illinois Wage Payment and Collection Act (IWPCA). 820 ILCS 115/1.

2. WHS employed Plaintiff and the Illinois Class Members as hourly workers in its Illinois correctional facilities. For example, Plaintiff was a Health Technician for WHS.

3. Plaintiff and the Illinois Class Members regularly worked for WHS in excess of forty (40) hours each workweek.

4. WHS failed to pay Plaintiff, and other workers like her, overtime compensation as required by the IMWL, and all earned wages under the IWPCA.

5. WHS failed to pay Plaintiff and the Illinois Class Members overtime compensation for all time worked at the rate of 1.5 their regular rates of pay for hours worked in excess of 40 in a workweek.

6. WHS also required Plaintiff and Illinois Class Members to work time off-the-clock, but WHS failed to pay Plaintiff and the Illinois Class Members for this time worked at their agreed upon hourly rates of pay.

7. The IMWL requires that employees are paid for all hours worked in a workweek and are paid overtime compensation at a rate of one-and-one-half times their regular rate ("full overtime") for all hours worked over 40.

8. The IWPCA requires "[a]ll wages earned by any employee during a weekly pay period shall be paid not later than seven (7) days after the end of the weekly pay period in which the wages were earned." 820 ILCS § 115/4.

9. WHS failed to pay Plaintiff and the Illinois Class Members overtime compensation for all time worked in excess of 40 in a workweek, in violation of the IMWL.

10. WHS failed to pay Plaintiff and the Illinois Class Members their agreed upon wages for all time worked in violation of the IWPCA.

11. This class action seeks to recover the unpaid wages, unpaid overtime compensation, and other damages owed to these workers.

## JURISDICTION AND VENUE

12. The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d): Plaintiff worked for WHS in Illinois and now resides in Wisconsin and WHS is headquartered in Pennsylvania. As such, at least one Plaintiff is diverse from at least one Defendant, pursuant to 28 U.S.C. § 1332(d)(2).

13. The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over WHS because WHS is engaged in substantial operations in this District and is subject to the court's personal jurisdiction with respect to the civil action in question.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District and because Plaintiff worked for WHS in this District.

## THE PARTIES

16. Plaintiff worked for WHS as an hourly health technician from approximately 2010 to approximately September 2020.

17. Plaintiff brings this action on behalf of herself and all similarly situated employees who were not paid full overtime for off-the-clock work.

18. Plaintiff seeks certification of a class, as defined below, under 735 ILCS 5/2-801 to remedy WHS's violations of the IMWL.

19. Plaintiff seeks certification of a class, as defined below, under 735 ILCS 5/2-801 to remedy WHS's violations of the IWPCA.

20. Collectively, the IMWL Class and IWPCA Class make up the "Illinois Class".

21. The identities of the Illinois Class Members can be readily ascertained from WHS's records.

22. WHS may be served through its registered agent for service of process: Corporation Service Company, 2704 Commerce Drive, Suite B, Harrisburg, Pennsylvania 17110.

**FACTS**

23.    WHS is a healthcare services company that contracts with governmental entities to provide healthcare services and staff.

24.    To complete its business objectives and serve its customers, WHS employees (like Plaintiff) provide healthcare and administrative services to correctional facilities, and otherwise further WHS's business interests.

25.    For example, during the relevant time, Plaintiff worked for WHS as a health technician in Illinois.

26.    Plaintiff was primarily assigned to work at Logan County Correctional Center in Lincoln, Illinois.

27.    WHS agreed and promised to pay Plaintiff an agreed upon hourly rate of compensation for all time she worked.

28.    WHS required Plaintiff to be at her designated work facility before and after Plaintiff was permitted to clock in or out.

29.    Plaintiff was required to perform work for WHS prior to clocking in each day and subsequent to clocking out each day.

30.    WHS did not pay Plaintiff for the off-the-clock work performed prior to her clocking in or subsequent to her clocking out.

31.    During her time with WHS, Plaintiff consistently worked between 40 and 50 hours per workweek, and sometimes more.

32.    However, WHS did not pay Plaintiff for hours worked in excess of 40; rather, WHS documented the weekly hours of Plaintiff to a maximum of 40. Any hours Plaintiff worked in excess of 40 were off-the-clock and unpaid.

33.     Moreover, WHS would dock the pay of Plaintiff in fifteen-minute increments when WHS considered her punch-in times to be tardy.

34.     For example, when Plaintiff was scheduled to start her shift at 8:00 a.m., if she clocked into work at 8:05 a.m., WHS would adjust Plaintiff's documented start time to 8:15am and would not pay Plaintiff for the time worked before 8:15 a.m.

35.     As a result of WHS's timekeeping and pay policies, Plaintiff spent considerable time working for WHS off-the-clock each week, and Plaintiff was not paid for this off-the-clock work.

36.     Plaintiff is one of many such workers that WHS employed.

37.     Numerous other WHS hourly employees worked for WHS at correctional facilities and similarly performed unpaid off-the-clock work.

38.     Other WHS hourly employees were subjected to the same illegal pay practices involving off-the-clock work as Plaintiff, for performing similar work at similar work facilities.

39.     These workers make up the proposed Illinois Class.

40.     During the relevant period, these Illinois Class Members regularly worked more than forty (40) hours each week.

41.     During the relevant period, these employees were not paid overtime compensation for hours they worked for WHS in excess of forty (40) hours each workweek, as is required under Illinois law.

42.     During the relevant period, the Illinois Class Members were required to perform work off-the-clock on a daily basis.

43.     During the relevant time period, these employees were not paid wages or any compensation for the time spent working off-the-clock.

44. While exact job titles and job duties may differ, WHS subjected the Illinois Class Members to the same or similar illegal pay practices for performing similar work at similar work facilities.

45. Plaintiff and the IMWL Class members worked for WHS during the past five years.

46. Plaintiff and the IWPCA Class members worked for WHS during the past ten years.

47. At all relevant times, WHS agreed and promised to pay Illinois Class Members an hourly rate of pay for all time they worked.

48. WHS required the Illinois Class Members to arrive and report to their designated work locations before and after they were scheduled or permitted to clock in, and to remain onsite after they clocked out.

49. Likewise, the Illinois Class Members were required to perform work for WHS prior to clocking in each day and subsequent to clocking out each day.

50. WHS did not pay the Illinois Class Members for this off-the-clock work.

51. Like Plaintiff, the Illinois Class Members consistently worked between 40 and 50 hours per workweek, and sometimes more.

52. However, WHS did not pay the Illinois Class Members for hours worked in excess of 40; instead, WHS documented weekly hours up to a maximum of 40. Any hours the Illinois Class Members worked in excess of 40 were off-the-clock and unpaid.

53. Moreover, WHS adjusted punch times and docked pay of the Illinois Class Members in fifteen-minute increments when WHS considered their punch-in times to be tardy, regardless of whether a worker actually clocked in a full fifteen minutes after his or her scheduled start time.

54. The result of WHS's timekeeping and pay policies ensured the Illinois Class Members, like Plaintiff, spent considerable time working for WHS off-the-clock each week, for which they were not paid, in violation of the IWPCA.

55. Accordingly, WHS's pay policies and practices blatantly and willfully violated (and continue to violate) the IWPCA.

56. The time Plaintiff and the Illinois Class Members spent performing their off-the-clock work required by WHS was performed on the work premises, and was performed for WHS's benefit.

57. As a result of this off-the-clock policy and practice, at all relevant times, WHS did not pay overtime compensation to the Illinois Class Members for hours worked in excess of 40 in a workweek.

58. As such, Plaintiff and the Illinois Class Members were not properly compensated at one-and-one-half times their regular rates – as defined under Illinois law – for all overtime worked in excess of 40 hours in a single workweek.

59. As a result of this off-the-clock policy and practice, at all relevant times, WHS did not pay Illinois Class Members for time worked.

60. Accordingly, WHS's pay policies and practices blatantly and willfully violated (and continue to violate) the IMWL and IWPCA.

**CLASS ACTION ALLEGATIONS**

61. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices WHS imposed on Plaintiff were likewise imposed on the Illinois Class Members.

62. Illinois courts hold that a class action is an appropriate mechanism for wage claims and overtime claims such as Plaintiff's. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 781, 892 N.E.2d 78, 105 (2008).

63. Plaintiff brings these claims via class action pursuant to 735 ILCS 5/2-801 on behalf of all similarly situated individuals employed by WHS to work in Illinois during the relevant timeframe preceding the filing of the instant lawsuit.

64. The class of similarly situated employees sought to be certified under the IMWL is defined as follows:

> **All current and former hourly workers employed by, or on behalf of, WHS in Illinois in during the past three (3) years (IMWL Class).**

65. The class of similarly situated employees sought to be certified under the IWPCA is defined as follows:

> **All current and former hourly workers employed by, or on behalf of, WHS in Illinois during the past 10 years (IWPCA Class).**

66. Class action treatment of Plaintiff's IMWL and IWPCA claims is appropriate because, as alleged below, all elements of the 735 ILCS 5/2-801 class action requisites are satisfied, as are all the requirements of Federal Rule of Civil Procedure 23. The below allegations are true of the IMWL Class and the IWPCA Class (together, the Illinois Class).

67. The number of Illinois Class Members is so numerous that joinder of all class members is impracticable.

68. Plaintiff is a member of the Illinois Class based on WHS's violations of the IMWL and IWPCA, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

69. Plaintiff and her counsel will fairly and adequately represent the class members and their interests.

70. Plaintiff's claims share common issues of law and fact with the claims of the proposed Class Members.

71.     Class certification is appropriate because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

72.     All of the Illinois Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked, whether on or off-the-clock.

73.     All of the Illinois Class Members – regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to receive full overtime compensation for all hours worked in excess of forty (40) hours per workweek, including hours worked off-the-clock.

74.     Absent a class action, many members of the Illinois Class likely will not obtain redress of their injuries and WHS will retain the proceeds of its rampant violations.

75.     Moreover, individual litigation would be unduly burdensome to the judicial system.

76.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members and provide for judicial consistency.

77.     Accordingly, the Illinois Class of similarly situated plaintiffs should be certified.

### CAUSE OF ACTION: IMWL VIOLATIONS

78.     All previous paragraphs are incorporated as though fully set forth herein.

79.     Plaintiff brings this claim against WHS for violations of the IMWL as a class action pursuant to 735 ILCS 5/2-801.

80.     WHS is subject to the overtime requirements of the IMWL because WHS is an employer under 820 ILCS 105/3.

81.     During all relevant times, Plaintiff and the IMWL Class Members were covered employees entitled to the IMWL's protections. *See* 820 ILCS 105/3.

82. During all relevant times, WHS was subject to the requirements of the IMWL.

83. During all relevant times, WHS employed Plaintiff and each IMWL Class Member as an "employee" within the meaning of the IMWL.

84. The IMWL requires employers like WHS to pay employees for all hours worked and to pay employees at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in any one workweek. *See* 820 ILCS 105/4; 820 ILCS 105/4a.

85. Plaintiff and each IMWL Class Member are entitled to overtime pay under the IMWL.

86. WHS has and had a policy and practice of requiring employees to work unpaid off-the-clock. This policy resulted in the failure of WHS to pay Plaintiff and the IMWL Class Members overtime compensation.

87. Plaintiff and the IMWL Class seek unpaid overtime compensation in an amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, treble damages, damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, and such other legal and equitable relief as the Court deems just and proper. 820 ILCS § 105/12(a).

88. Plaintiff and the IMWL Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by WHS, as provided by the costs.

### CAUSE OF ACTION: IWPCA VIOLATIONS

89. All previous paragraphs are incorporated as though fully set forth herein.

90. Plaintiff brings this claim against WHS for violations of the IWPCA as a class action pursuant to 735 ILCS 5/2-801.

91. WHS is an employer, as defined by the IWPCA. *See* 820 ILCS 115/2.

92. During all relevant times, WHS was subject to the requirements of the IWPCA.

93. During all relevant times, Plaintiff and the IWPCA Class Members were covered employees entitled to the IWPCA's protections.

94. During all relevant times, WHS employed Plaintiff and each IWPCA Class Member as an "employee" within the meaning of the IWPCA.

95. The IWPCA requires "[a]ll wages earned by any employee during a weekly pay period shall be paid not later than seven (7) days after the end of the weekly pay period in which the wages were earned." 820 ILCS § 115/4.

96. The IWPCA entitles employees to recover "the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid … costs and all reasonable attorney's fees." 820 ILCS § 115/14(a).

97. WHS violated the IWPCA by failing to pay the IWPCA Class Members at their agreed upon rate of pay for all time they worked. Plaintiff and the Illinois Class seek back wages and damages as described herein. Pursuant to the IWPCA, WHS owes the Illinois Class Members these damages for the past ten years. *See* 735 ILCS 5/13-206.

## JURY DEMAND

98. Plaintiff demands a trial by jury.

## RELIEF SOUGHT

99. WHEREFORE, Plaintiff prays for judgment against WHS as follows:

   a. For an Order certifying the Illinois Class as defined herein, and designating Plaintiff and her counsel to represent the interests of the Illinois Class;

   b. For an Order that Notice of the Class Action be sent to the Class Members;

c.  For an Order finding WHS liable for all back wages and unpaid overtime compensation to the Illinois Class under the IMWL and IWPCA and awarding Plaintiff and the Illinois Class back wages that have been improperly withheld;

d.  For an Order finding WHS liable for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the Class Members;

e.  For an Order awarding the costs and expenses of this action;

f.  For an Order awarding attorneys' fees;

g.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 15, 2022

Respectfully submitted,

By: */s/ Douglas M. Werman*
    **Douglas M. Werman**
    **Maureen A. Salas**
    **WERMAN SALAS P.C.**
    77 W. Washington St., Ste 1402
    Chicago, IL 60602
    312-419-1008 – Telephone
    312-419-1025 – Facsimile
    dwerman@flsalaw.com
    msalas@flsalaw.com

    **AND**

    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **Alyssa White**

Texas Bar No. 24073014
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Ste 3050
Houston, TX 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Ste 3025
Houston, TX 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**